IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00311-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 1 2006

GREGORY C. LANGHAM
CLERK

CASEY LEE SISNEROS,
        Plaintiff,

v.

UNITED STATES OF AMERICA,
UNITED STATES ATTORNEY GENERAL,
BUREAU OF PRISONS, Agency,
DOCTOR PAPERAO ADUSMILLI, Physician,
JOHN DOE, Physician's Assistant, and
WARDEN OF FLORENCE INSTITUTION, (name UK),
        Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Casey Lee Sisneros is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution at Big Spring, Texas.  Mr. Sisneros initiated this action by filing *pro se* a Prisoner Complaint alleging that he was denied adequate medical care while he was incarcerated at a federal prison in Florence, Colorado.  He asserts claims pursuant to the United States Constitution and the Federal Tort Claims Act (FTCA).  On March 24, 2006, Mr. Sisneros filed an amended complaint on the proper form.

The court must construe the amended complaint liberally because Mr. Sisneros is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Sisneros will be ordered to file a second amended complaint.

The court has reviewed the amended complaint and finds that it is deficient because Mr. Sisneros fails to allege specific facts to demonstrate that he has exhausted administrative remedies for all of the claims he asserts.  Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner."  *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003).  To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Sisneros must "either attach copies of administrative proceedings or describe their disposition with specificity."  *Id.* at 1211.  Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).  Therefore, if Mr. Sisneros has not exhausted administrative remedies for all of the claims he raises in this action, the entire complaint must be dismissed.

Mr. Sisneros alleges that he has exhausted administrative remedies pursuant to the FTCA and he attaches to the amended complaint a copy of the administrative claim he filed pursuant to the FTCA.  Mr. Sisneros does not allege that he has exhausted administrative remedies for his constitutional claims against the individual Defendants or for any other claims he may be asserting.  Therefore, Mr. Sisneros must file a second amended complaint to clarify how he has exhausted administrative remedies for

2

all of the claims that he wishes to pursue in this action.  Accordingly, it is

ORDERED that Mr. Sisneros file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Sisneros, together with a copy of this order, two copies of the following forms:  Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Sisneros fails within the time allowed to file an original and sufficient copies of a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED April 11, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   06-cv-00311-BNB

Casey Lee Sisneros
Reg. No. 21398-051
FCI – Big Spring
1900 Simler Ave., SS5-53U
Big Springs, TX 79720

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 4/11/06

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk