IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00311-EWN-PAC

CASEY LEE SISNEROS,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA,

    Defendant(s).

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

O. Edward Schlatter, United States Magistrate Judge

This is a *pro se* prisoner action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671-§2680. A May 9, 2006 Order of Reference referred this case to Magistrate Judge Patricia A. Coan to conduct pretrial proceedings and to issue recommendations for rulings on dispositive motions. Upon Magistrate Judge Coan's retirement, I assumed her caseload pending the hiring of a new United States Magistrate Judge. The matter before me is Defendant United States' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), filed July 17, 2006. The motion is fully briefed. I have determined that oral argument would not materially assist the recommendation.

I.

The following facts are alleged in plaintiff's Second Amended Complaint, filed May 1, 2006.[1]

---

[1] District Judge Nottingham dismissed plaintiff's second and third claims for relief, without prejudice, on October 25, 2006. The only claim remaining is plaintiff's first claim, for medical negligence under the FTCA.

Plaintiff is currently incarcerated at the Federal Correctional Institution ("FCI") in Big Spring, Texas. In November 2003, plaintiff injured his finger playing flag football while he was at FCI-Florence. (Second Amended Compl., at 3A) A Physician's Assistant (P.A.) examined plaintiff and told plaintiff that "nothing was wrong" with his finger. (*Id.*) Plaintiff saw the P.A. again the next day because his finger swelled during the night and was painful. (*Id.*) The P.A. examined plaintiff's finger, concluded it was not broken, then wrapped the finger in tape and gave plaintiff some medicine to relieve his pain. (*Id.*) Plaintiff returned to the P.A. a week later because he still suffered "extreme pain." (*Id.*) The P.A. told plaintiff that there was nothing else the P.A. could do, that plaintiff had a sprain, and he needed to give it time to heal. (*Id.*)

Plaintiff was transferred to the Oklahoma Transfer Holding Center in Oklahoma City, Oklahoma, approximately six weeks later. While he was detained there temporarily pending his permanent transfer to Big Spring, Texas, he complained, to no avail, about the pain in his finger. (Second Amended Compl., at 3A)

Plaintiff worked as a plumber upon his arrival at the FCI in Big Spring, Texas. He injured his finger a few months later, while replacing a water filter in the laundry area, because of his inability to fully use his left hand. (*Id.*) X rays showed that plaintiff's finger was fractured. (*Id.*) An orthopedic surgeon told plaintiff that the fracture had healed improperly, leaving a bend in the finger where it had been dislocated. (*Id.* at 3B) The surgeon further informed plaintiff that a tendon in his finger had been completely torn. (*Id.*) The surgeon advised plaintiff that he could repair the bone, but not the tendon. (*Id.*) Plaintiff underwent surgery, but states that his finger is "`permanently' disfigured and

2

disabled, and cannot be used for his profession without reconstructive surgery in the future." (*Id.*)

Plaintiff claims that the P.A. at FCI-Florence was negligent, and breached his duty under 18 U.S.C. §4042, in failing to provide adequate medical care to the plaintiff in November 2003, causing plaintiff's finger to be permanently disfigured. Plaintiff also claims that the FCI-Florence Warden breached his statutory duty under 18 U.S.C. §4042 to ensure that plaintiff received proper medical care from the medical providers at FCI-Florence.

II.

The United States moves to dismiss plaintiff's Second Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

The party bringing an action in federal court bears the burden of showing that the case falls within the court's subject matter jurisdiction. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994). Where the defendant's challenge to the court's subject matter jurisdiction is lodged as a facial attack on the complaint, the court must accept the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). If the defendant goes beyond the allegations of the complaint and challenges the facts upon which subject matter jurisdiction depends, the court may not presume the truthfulness of the plaintiff's factual allegations, but must resolve disputed issues of fact. *Id.* at 1003. In such a case, the court's reference to documents outside the pleadings does not convert the Rule 12(b)(1) motion into a Rule 56 motion. *Id.*

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief, I accept plaintiff's well-pleaded factual allegations as true and resolve all reasonable inferences in plaintiff's favor. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997)(internal citations omitted). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see, also, Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir. 1994); *Miller*, 948 F.2d at 1565. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend." *Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir.1999).

I construe plaintiff's *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A *pro se* litigant should be given a reasonable opportunity to remedy defects in his pleadings if his factual allegations are close to stating a claim for relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted." *Id.* I will not construct legal theories which assume facts that have not been pleaded, *see Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), or "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

III.

A.  Failure to File a Certificate of Review

The United States argues that plaintiff's medical negligence claim must be dismissed for plaintiff's failure to comply with COLO.REV.STAT. ("C.R.S.") §13-20-602(1)(a) (2005).  The statute states:

> In every action for damages or indemnity based upon the alleged professional negligence of an acupuncturist regulated pursuant to article 29.5 of title 12, C.R.S., or a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each acupuncturist or licensed professional named as a party, as specified in subsection (3) of this section, within sixty days after the service of the complaint, counterclaim, or cross claim against such person unless the court determines that a longer period is necessary for good cause shown.

The United States has a duty to provide "suitable quarters and . . . safekeeping, care and subsistence" to federal inmates.  18 U.S.C. §4042(a)(2).  Federal prisoners have a cause of action against the United States under the FTCA for breach of the statutory duty.  *See United States v. Muniz*, 374 U.S. 150, 164-165 (1963).

In an FTCA action, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. §2674;  *Nationwide Mut. Ins. Co. v. United States*, 3 F.3d 1392, 1396 (10th Cir.1993).  State substantive law applies to FTCA claims. *See* 28 U.S.C. § 1346(b)(1)(providing that United States may be held liable for negligent actions by federal employees, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.")

"Colorado's certificate of review requirement is a substantive rule of law" and is "applicable to professional negligence claims brought against the United States under the FTCA." *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1117 (10th Cir. 2004). The certificate of review requirement applies to *pro se* plaintiffs. *Id.* at 1118. A plaintiff's failure to file a certificate of review requires dismissal of professional negligence claims. C.R.S. §13-20-602(4); *Teiken v. Reynolds*, 904 P.2d 1387, 1389-90 (Colo.App. 1995).

Plaintiff states in his response brief that he does not have access to Colorado state laws at the FCI Big Spring facility, and that he was therefore not aware of the Colorado certificate of review requirement at the time he filed his complaint. Response, at 5. Accordingly, I recommend that plaintiff be granted an additional sixty (60) days, for good cause shown, to comply with the statutory requirement for his medical negligence claims.[2]

B.    <u>Failure to Exhaust Administrative Remedies for Negligence Claim Against Warden</u>

The United States next argues that to the extent claim plaintiff seeks relief against the United States in claim one for any alleged negligence by the Warden, that claim should be dismissed for plaintiff's failure to file an administrative claim for relief.

A tort action may not be instituted against the United States unless the plaintiff has first presented his claim to the appropriate agency and the claim has been finally denied in writing, or not acted upon for a six-month period. 28 U.S.C. §2675(a). The filing of an administrative claim is a jurisdictional prerequisite to suit. *McNeil v. United States*, 508 U.S. 106 (1993).

The purpose of filing an administrative claim is to provide the agency with sufficient

---

[2] A copy of C.R.S. §13-20-602 is attached to the Recommendation.

6

notice of the factual basis of the claimed injury so that the agency can investigate and possibly settle the claim without the need for litigation. *See* S.Rep. No. 1327, 89th Cong., 2d Sess. 1966, *reprinted in* 1966 U.S.C.C.A.N. 2515, 2517; *Trentadue v. United States*, 386 F.3d 1322, 1333 (10th Cir. 2004); *Adams v. United* States, 615 F.2d 284, 289 (5th Cir. 1980); *GAF Corporation v. United States*, 818 F.2d 901, 919 (D.C.Cir. 1987); *Murrey v. United States*, 73 F.3d 1448, 1453 (7th Cir. 1996);*Warren v. United States Dep't of Interior Bureau of Land Management*, 724 F.2d 776, 780 (9th Cir. 1984).

Plaintiff filed an administrative tort claim with the Bureau of Prisons on February 22, 2005[3] alleging that he did not receive adequate medical care from the physician's assistant at FCI-Florence, but plaintiff did not allege any negligent acts by the Warden. *See* Tort Claim Attachment, Ex. 3, to Plaintiff's Response Brief. Accordingly, I recommend that plaintiff's allegations in Claim One that the FCI-Florence Warden was negligent be dismissed for lack of subject matter jurisdiction.

C.      Applicability of 18 U.S.C. §4126 to Plaintiff's Claim

Finally, the United States argues that part of plaintiff's first claim for relief is barred by 18 U.S.C. §4126.

The Prison Industries Fund may be used to compensate "inmates . . . for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). Section 4126(c) provides the exclusive remedy to federal prisoners for work-related injuries. *See United States v. Demko*, 385 U.S. 149 (1966); *see, also, Alvarez v. Gonzales*,

---

[3]Plaintiff's administrative tort claim was denied by the Bureau of Prisons on August 31, 2005.

155 Fed.Appx. 393 at *1 (10th Cir. (Okla.) 2005)[4](recognizing that the compensation benefits provided for by 18 U.S.C. §4126(c)(4) constitute the exclusive remedy for injuries received by federal prisoners while performing assigned prison tasks, "includ[ing] claims that subsequent negligence or inadequate medical care caused further injury.")

The regulations implementing 18 U.S.C. §4126 provide that "compensation may only be paid for work-related injuries or claims alleging improper medical treatment of a work related injury." 28 C.F.R. §301.301(b). "Compensation is not paid for injuries sustained during participation in institutional programs (such as programs of a social, recreational, or community relations nature)." 28 C.F.R. §301.301(c). "[I]nmates who are subject to the provision of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act." 28 C.F.R. §301.319 (citing *Demko*).

Plaintiff originally injured his finger playing flag football. (Second Amended Compl., at 3A) Thus, his original injury was not work related. Nonetheless, as the United States correctly points out, if plaintiff is seeking relief under the FTCA for the aggravation of his pre-existing finger injury, caused by his work assignment at FCI-Big Spring, his claim would be barred by 18 U.S.C. §4126 and *Demko*. *See Wooten v. United States*, 825 F.2d 1039, 1045 (6th Cir. 1987)(holding that "to the extent Wooten sought relief under the FTCA for the aggravation of his pre-existing back problem as a result of his job assignment, his complaint is barred by *Demko*"). However, I do not construe plaintiff's Second Amended Complaint as seeking relief for the negligence or tortious acts of any prison officials at FCI-Big Spring. Instead, plaintiff complains only that the FCI-Florence physician's assistant

---

[4] A copy of *Alvarez* is attached to the Recommendation.

failed to provide adequate medical care at the time of plaintiff's original injury and in the following weeks before plaintiff was transferred to another federal facility. Accordingly, I recommend that the United States' motion to dismiss part of plaintiff's first claim as barred by 18 U.S.C. §4126 be denied.

IV.

For the reasons set forth above, it is

**RECOMMENDED** that Defendant United States' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), filed July 17, 2006, be **GRANTED IN PART AND DENIED IN PART** as follows:

The motion to dismiss plaintiff's FTCA claim (based on medical negligence) for failure to file a certificate of review, in compliance with C.R.S. §13-20-602(1)(a) (2005), should be **denied without prejudice. The United States may renew its motion to dismiss if plaintiff does not file a certificate of review, in accordance with C.R.S. §13-20-602(3)(a), within sixty (60) days, or demonstrate good cause as to why a further continuance should be granted**.

The motion to dismiss part of plaintiff's first claim for relief as barred by 18 U.S.C. §4126 should be **DENIED**.

The motion to dismiss plaintiff's FTCA claim alleging negligence by the FCI-Florence Warden should be **GRANTED** for lack of subject matter jurisdiction.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for**

**the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated January 9, 2007.

BY THE COURT:

s/ O. Edward Schlatter
O. EDWARD SCHLATTER
United States Magistrate Judge