IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00311-EWN-KLM

CASEY LEE SISNEROS,

　　Plaintiff,

v.

UNITED STATES OF AMERICA,

　　Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
and ORDER DENYING MOTION TO STRIKE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on **Defendant United States' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56** [Docket No. 58; Filed October 29, 2007] ("Defendant's Motion for Summary Judgment"), Plaintiff's **Motion to Strike Defendant's Motion for Summary Judgment Pursuant to Rule 12(f); Motion for Summary Judgment Pursuant to Rule 56** [Docket No. 62; Filed November 30, 2007] ("Plaintiff's First Motion"), and Plaintiff's **Motion for Summary Judgment (FRCP Rule 56)** [Docket No. 70; Filed April 7, 2008] ("Plaintiff's Second Motion"). Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1(C)(3), the motions have been referred to this Court for recommendation. The Court has reviewed the relevant motions, Defendant's Response to Plaintiff's [Second] Motion for Summary Judgment [Docket No. 75; Filed April 25, 2008] ("Response"), the entire case file, and the applicable case law and is sufficiently advised in the premises.

1

For the reasons set forth below, the Court RECOMMENDS that **Defendant's Motion for Summary Judgment** [#58] be **DENIED without prejudice**; **Plaintiff's First Motion** [#62] be **DENIED** to the extent that Plaintiff seeks summary judgment in his favor and **DENIED** to the extent it seeks to strike Defendant's Motion for Summary Judgment; and **Plaintiff's Second Motion** [#70] be **DENIED**.

## I. Factual Background

The following facts appear to be undisputed. Plaintiff, a prisoner proceeding *pro se*, brings a medical malpractice action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* See *Plaintiff's Second Amended Prisoner Complaint* [Docket No. 14; Filed May 1, 2006] ("Complaint").[1] In November 2003, while incarcerated at the Federal Correctional Institute in Florence, Colorado ("FCI - Florence"), Plaintiff injured his left ring finger during a game of flag football. *Id.* at 4; *Defendant United States [sic] Answer to Second Amended Prisoner Complaint* [Docket No. 57 at 2; Filed October 25, 2007] ("Answer").[2] Physician's Assistant Ron Camacho examined Plaintiff's finger and, without taking an x-ray, diagnosed a sprain. *Complaint* [# 14] at 4; *Answer* [#57] at 2.[3] In February 2004, Plaintiff reinjured his left ring finger while replacing water filters in the prison laundry

---

[1] Plaintiff voluntarily dismissed his second and third claims for relief. *See Motion for Partial Voluntary Dismissal of Claims, Without Prejudice* [Docket No. 30; Filed August 28, 2006]; *Recommendation of United States Magistrate Judge* [Docket No. 41 at 1 n.1; Filed January 9, 2007].

[2] For ease of reference, the Court cites to electronic case file page numbers.

[3] In his Complaint, Plaintiff alleges that two physician's assistants, Paparao Adusumilli and an unknown individual, examined his finger. *Complaint* [#14] at 4. However, in Plaintiff's First Motion, Plaintiff alleges it was only "Dr. Camacho" who performed the examination on his finger. *Plaintiff's First Motion* [#62] at 3.

2

at FCI - Big Springs. *Plaintiff's First Motion* [#62] at 3; *Answer* [#57] at 2. During the medical examination of Plaintiff's injured finger, an x-ray was taken and it revealed that Plaintiff's finger was fractured and dislocated. *Complaint* [#14] at 4; *Answer* [#57] at 2. Based upon the x-ray examination, Plaintiff was referred to Dr. Robert Hayes, a contract orthopedic surgeon assigned to FCI - Big Springs. *Complaint* [#14] at 4-5; *Answer* [#57] at 2.[4] On February 23, 2004, Dr. Hayes examined Plaintiff's injured finger and diagnosed destruction of the distal interphalangeal ("DIP") joint with the "distal phalanx subluxed dorsally, partial, and a fracture with disruption of the joint." *Plaintiff's Certificate of Review for Action Against Licensed Professional Colorado C.R.S.A. 13-20-602* [Docket No. 43 Ex. 2; Filed February 5, 2007] ("Certificate of Review"); *Answer* [#57] at 2. Dr. Hayes subsequently performed surgery to fuse Plaintiff's left ring finger DIP joint. *Complaint* [#14] at 5; *Answer* [#57] at 2.

## II. Procedural Background

A Scheduling Conference was held in this case on June 6, 2007, at which Plaintiff appeared by telephone [Docket No. 51; Filed June 6, 2007]. Pursuant to the Scheduling Order entered in this case, the discovery deadline was October 1, 2007. *Scheduling Order* [#51]. Prior to the expiration of the discovery deadline, Plaintiff filed an amended complaint that alleges facts based upon his own personal knowledge and is verified under penalty of perjury. *See Complaint* [#14] at 16. In addition, Plaintiff provided the consultation sheet and progress note from Dr. Hayes's initial examination of Plaintiff's injured finger at FCI - Big Springs. *Certificate of Review* [#43] Exs. 1-2. However, it does not appear that Plaintiff

---

[4] In his Complaint, Plaintiff identifies Dr. Hayes as "an [o]rthopedic doctor from the street, contracted with the Bureau of Prisons." *Complaint* [#14] at 5.

made additional efforts to conduct discovery within the applicable deadline.[5] The Court notes that Plaintiff now identifies Dr. Hayes as an expert witness whom he would subpoena to be deposed during a pretrial hearing or to testify at trial. *Plaintiff's First Motion* [#62] at 3. To date, however, there is no indication that Plaintiff has actually deposed or obtained an affidavit from Dr. Hayes, his treating physician at FCI - Big Springs, or any medical expert who may be qualified to provide an opinion regarding the relevant standard of care, nor has he moved to do so out of time. Further, expert designations were due on August 1, 2007. *Scheduling Order* [#51]. To date, Plaintiff has failed to designate an expert and to submit an expert report.

The Scheduling Order also set the dispositive motions deadline for November 1, 2007. *Id.* On October 29, 2007, Defendant timely filed its Motion for Summary Judgment, to which Plaintiff did not respond. *Defendant's Motion for Summary Judgment* [#58]. Instead, on November 30, 2007, Plaintiff filed his First Motion, which simultaneously moves to strike Defendant's Motion for Summary Judgment and untimely moves for summary judgment in his favor. *Plaintiff's First Motion* [#62]. Defendant did not respond to Plaintiff's First Motion. On April 7, 2008, five months after the dispositive motions deadline, Plaintiff filed his Second Motion, which again untimely seeks summary judgment in his favor. *Plaintiff's Second Motion* [#70]. On April 25, 2008, Defendant responded to Plaintiff's Second Motion. *Response* [#75].

---

[5] Over four months after the discovery deadline expired, Plaintiff attempted to propound Requests for Admission to Defendant. *Plaintiff's Second Motion* [#70] Ex. A. Due to the untimely nature of Plaintiff's discovery request, Defendant did not answer the Requests for Admission. *See Response* [#75-2].

### III. Standard of Review

The purpose of a summary judgment motion is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Fed. R. Civ. P. 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit pursuant to the governing substantive law. *Id.*

The movant must show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. After the movant has met its initial burden, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of the claim such that a reasonable jury could find in its favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of its pleadings and provide admissible evidence, which the Court views in the light most favorable to the nonmovant. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995)

(citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

Within the context of cross-motions for summary judgment, the Court considers each motion on its own merits, as "the denial of one does not require the grant of another." *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979). When the movant bears the ultimate burden of persuasion at trial, the movant must show the absence of a genuine issue of material fact by demonstrating each "element of its claim or defense by sufficient, competent evidence to set forth a *prima facie* case." *In re Ribozyme Pharm., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002). After the movant has met its initial burden, the burden shifts to the nonmovant to either "produce evidentiary materials that demonstrate the existence of a 'genuine issue' for trial or to submit an affidavit requesting additional time for discovery." *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting); *In re Ribozyme*, 209 F. Supp. 2d at 1111; Fed. R. Civ. P. 56(e)-(f).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In

addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## IV. Analysis

### A. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on the grounds that Plaintiff has failed to put forth sufficient evidence to substantiate his medical malpractice claim. *Defendant's Motion for Summary Judgment* [#58] at 1. Plaintiff's medical malpractice claim is brought pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.* Accordingly, Defendant's liability is defined "in accordance with the law of the place where the [allegedly negligent] act or omission occurred." 28 U.S.C. § 1346(b); *see also Flynn v. United States*, 902 F.2d 1524, 1527 (10th Cir. 1990). Because the allegedly negligent acts occurred in Colorado, at FCI - Florence, Colorado substantive law applies.[6]

In Colorado, to establish a medical malpractice claim based upon negligence, the plaintiff must show that: (1) defendant owed plaintiff a legal duty; (2) defendant breached that duty; (3) plaintiff was injured; and (4) defendant's breach of that duty was the proximate cause of plaintiff's injury. *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992) (en banc). Because the subject matter of negligent conduct by a medical professional is not within the ambit of common knowledge and experience of ordinary people, "the plaintiff must establish by expert testimony the controlling standard of care ordinarily possessed

---

[6] Defendant contends that the allegedly negligent medical treatment occurred at FCI - Florence and the Federal Correctional Institute in Englewood, Colorado ("FCI - Englewood"). *Defendant's Motion for Summary Judgment* [#58] at 2, 4. However, it is not clear from the record that Plaintiff was ever incarcerated at FCI - Englewood. Indeed, Plaintiff claims that the allegedly negligent medical treatment occurred exclusively at FCI - Florence. *Complaint* [#14] at 4. In any event, it is undisputed that the injury at issue occurred in Colorado.

7

and exercised by members of the same schools of medicine practiced by the defendant, as well as defendant's failure to adhere to that standard." *Teiken v. Reynolds*, 904 P.2d 1387, 1389 (Colo. Ct. App. 1995). Without expert testimony regarding the relevant standard of care, the trier of fact has no means of comparison to determine whether a legal duty was breached or whether that breach was the proximate cause of a plaintiff's injury. *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990).

Defendant argues that Plaintiff failed to identify or designate a medical expert to provide an opinion regarding the relevant standard of care. *Defendant's Motion for Summary Judgment* [#58] at 7. Without expert testimony on the relevant standard of care, Defendant argues that there is no evidence that Defendant breached a legal duty owed to Plaintiff or that this breach was the proximate cause of Plaintiff's injury. *Id.* Because there is no evidence to support two essential elements of Plaintiff's medical malpractice claim, Defendant contends that there is an absence of a genuine issue of material fact such that it is entitled to judgment as a matter of law. *See id.* at 9.

As Defendant does not bear the ultimate burden of persuasion at trial, Defendant need only make a prima facie showing of the absence of a genuine issue of material fact by demonstrating the lack of evidence to support an essential element of Plaintiff's claim. *Adler*, 144 F.3d at 670-71. The Court finds that Defendant has met its initial burden for summary judgment. Plaintiff's medical malpractice claim contains four essential elements: (1) Defendant owed Plaintiff a legal duty; (2) Defendant breached that duty when it failed to properly diagnose and treat the injury to Plaintiff's left ring finger at FCI - Florence; (3) Plaintiff suffered an injury and continues to experience pain; and (4) Defendant's breach of that duty is the proximate cause of Plaintiff's injury. *See Casebolt*, 829 P.2d at 356.

Because the subject matter of negligent conduct by a medical professional is not within the ambit of common knowledge, Plaintiff must provide admissible expert testimony that Defendant breached its duty by failing to adhere to the relevant standard of care and that this breach is the proximate cause of his injury. *Teiken*, 904 P.2d at 1389. Plaintiff's lack of evidence from a testifying medical expert regarding the relevant standard of care necessarily leads to the conclusion that he lacks evidence to support two essential elements of his medical malpractice claim: breach of duty of care and causation.

Because Defendant has met its burden, the burden shifts to Plaintiff to put forth sufficient evidence for each essential element of his medical malpractice claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms*, 165 F.3d at 1326. Pursuant to Fed. R. Civ. P. 56(e), Plaintiff can satisfy this burden by providing an affidavit from a medical expert who is qualified to form an opinion regarding the relevant standard of care. In the event that such affidavit is unavailable, Plaintiff can provide the Court with specific reasons as to why he cannot present facts that are essential to opposing Defendant's Motion for Summary Judgment. Fed. R. Civ. P. 56(f). Based upon reasons put forth by Plaintiff, the Court may exercise its discretion to deny Defendant's Motion for Summary Judgment, order a continuance to enable an affidavit to be obtained or discovery undertaken, or issue any other just order. *Id.* Here, my discretion pursuant to Fed. R. Civ. P. 56(f) may be implicated. Although Plaintiff has failed to designate an expert witness or to present any evidence regarding the relevant standard of care, he has argued in a sworn pleading that because he is proceeding *pro se* and is incarcerated, he was unable to timely secure such evidence. *See Certificate of Review* [#43] at 2.

In ruling on Defendant's Motion for Summary Judgment, the Court considers

Plaintiff's First Motion as his response.[7]  In that pleading, Plaintiff makes the conclusory assertion that Dr. Robert Hayes is his medical expert who allegedly will testify at trial. *Plaintiff's First Motion* [#62] at 3.  Although he may be qualified as a medical expert by virtue of his knowledge, skill, experience, and education as an orthopedic surgeon, Dr. Hayes, who is Plaintiff's treating physician, is a factual witness because he can testify as to the facts of Plaintiff's medical examination, diagnosis, and medical treatment. *Washington v. Arapahoe County Dep't of Soc. Servs.*, 197 F.R.D. 439, 442 (D. Colo. 2000); Fed. R. Evid. 702.  In addition, Dr. Hayes may testify as to his medical opinions stemming from treatment, including his alleged opinion that Plaintiff's injury was caused by prior improper medical treatment, because such medical opinions "are a necessary part of the treatment of the patient."  *Washington*, 197 F.R.D. at 442; *see Certificate of Review* [#43] at 1.[8]  However, to the extent that Plaintiff intends to have Dr. Hayes offer expert testimony that does not stem from medical treatment, such as whether Defendant failed to adhere to the relevant standard of care, Plaintiff must designate Dr. Hayes as an expert witness, who then must prepare a written expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B). *Washington*, 197 F.R.D. at 442 (citing *Bucher v. Gainey Transp. Serv. of Ind., Inc.*, 167 F.R.D. 387, 390 (M.D. Pa. 1996)).

Despite the fact that Dr. Hayes may be qualified to provide expert testimony as to

---

[7] Plaintiff's First Motion responds to Defendant's Motion for Summary Judgment by asserting counterarguments and by providing an additional statement of the facts, which Plaintiff verifies under penalty of perjury.  *See Plaintiff's First Motion* [#62].

[8] Even though Plaintiff has failed to obtain an affidavit from Dr. Hayes, the Court may consider Dr. Hayes's statements to Plaintiff because these statements, which are verified under penalty of perjury, would be admissible at trial as an admission by a party-opponent.  Fed. R. Evid. 801(d)(2).

the relevant standard of care, Plaintiff failed to properly endorse him as an expert witness and instead identified him only as a fact witness.  *Amended Preliminary Pretrial Order* [Docket No. 65 at 5-6, 7; Filed December 10, 2007]; *see* Fed. R. Civ. P. 26(a)(2).[9]  Given Plaintiff's assertion that he identified Dr. Hayes as his medical expert, it would appear that Plaintiff appreciated that his treating physician could provide factual and expert testimony.  *See Plaintiff's First Motion* [#62] at 3.  By failing to properly designate Dr. Hayes as an expert witness, Plaintiff necessarily lacks evidence from a testifying expert witness that Defendant breached its duty by failing to adhere to the relevant standard of care and that this breach is the proximate cause of Plaintiff's injury.  *See Teiken*, 904 P.2d at 1389.  Accordingly, Defendant would be entitled to a judgment in its favor as a matter of law.  Fed. R. Civ. P. 56(c).

However, given that Plaintiff is a *pro se* prisoner who brings an FTCA claim, I decline at this time to recommend that the merits of his case be decided according to rigid adherence to procedural rules.  *See Kikumura v. Osagie*, 461 F.3d 1269, 1298-99 (10th Cir. 2006) (without deciding whether Colorado's certificate of review requirement is unconstitutional, the Tenth Circuit inferred that the district court should grant an extension of time for a *pro se* prisoner to obtain a medical expert for his FTCA claim in light of due process concerns), *overruled on other grounds by Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008); *see also Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 539 (1970) ("[I]t is always within the discretion of a court . . . to relax or modify its procedural

---

[9] Neither Plaintiff nor Defendant disclosed the identity of any expert witnesses that may be used at trial to provide testimony as to the relevant standard of care.  *See Amended Preliminary Pretrial Order* [#65] at 7.

rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it." (quoting *NLRB v. Monsanto Chem. Co.*, 205 F.2d 763, 764 (8th Cir. 1953)); *see also Haines*, 404 U.S. at 520 (holding that *pro se* litigants are held to "less stringent standards" than other litigants). Instead, for the reasons set forth below, I recommend that Plaintiff be granted an extension of time to cure this defect, if possible, by properly designating an expert witness.

The Court has discretion to allow a party to designate experts out of time if the failure to timely designate is either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Cook v. Rockwell Int'l Corp.*, 233 F.R.D. 598, 600 (D. Colo. 2005). A party's failure to disclose an expert witness is substantially justified when there is a reasonable basis in law and fact for the failure. *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995). The failure is harmless when there is no prejudice to the party entitled to the disclosure. *Id.*

> The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted).

As a preliminary matter, the Court finds that Plaintiff's failure to properly designate an expert witness is not substantially justified. Although *pro se* litigants benefit from less stringent procedural standards, Plaintiff's lack of legal training does not justify his failure to

12

properly disclose an expert witness pursuant to Rule 26(a)(2). *See Nielson*, 17 F.3d at 1277 (holding that *pro se* litigants must follow the same procedural rules that govern other litigants). However, applying the *Woodworker's* factors, the Court finds that Plaintiff's failure to properly designate an expert witness does not necessarily prejudice Defendant. For example, Defendant should not be surprised that Plaintiff intends to elicit expert testimony from his treating physician, Dr. Hayes. In fact, Defendant fully contemplated that Plaintiff might intend to elicit expert testimony from his fact witnesses, each of whom were employed by Defendant and provided medical treatment to Plaintiff's injured finger. *See Amended Preliminary Pretrial Order* [#65] at 5 n.2.

Further, the Court finds that the remaining *Woodworker's* factors tip in favor of Plaintiff. For example, as to the second factor, even if Defendant is prejudiced by inefficient discovery proceedings, any prejudice to Defendant could be cured by allowing Defendant to designate its own experts and rebuttal experts out of time. As to the third factor, the designation of expert witnesses out of time would not disrupt the trial, as no trial date is currently scheduled for this action. Finally, as to the fourth factor, there is no indication that Plaintiff willfully or in bad faith failed to properly disclose an expert witness. Because Plaintiff is a *pro se* prisoner, I do not find that his failure to properly designate an expert witness warrants the extreme sanction of exclusion of the expert witness. However, imposing a sanction for any additional costs that result from designating expert witnesses out of time may be warranted upon an appropriate motion filed pursuant to Fed. R. Civ. P. 37(c)(1).

Accordingly, for the aforementioned reasons, I respectfully recommend that Defendant's Motion for Summary Judgment [#58] be **DENIED without prejudice**. I further

recommend that Plaintiff be granted a reasonable extension of time to properly designate an expert witness to testify regarding the relevant standard of care and causation, and that Defendant be granted a reasonable extension of time to properly designate expert and rebuttal expert witnesses, if any.

In order for a physician to provide expert testimony as to the relevant standard of care, Plaintiff must formally disclose to Defendant that the physician will be an expert witness. Fed. R. Civ. P. 26(a)(2)(A). Moreover, this disclosure must be accompanied by a written report that has been prepared and signed by the expert witness and that includes the following information:

> (1) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (2) the data or other information considered by the witness in forming them;
>
> (3) any exhibits that will be used to summarize or support them;
>
> (4) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (5) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> (6) a statement of the compensation paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). The formal disclosure of experts and accompanying written reports are necessary for parties to learn the identity of the opponent's expert witnesses, to designate rebuttal experts, and to properly prepare for trial.

So as to not prejudice Defendant, I further recommend that the deadlines for this action be adjusted for the narrow purpose of designating expert witnesses out of time as follows:

14

Expert Designation Deadline: **October 10, 2008**;

Rebuttal Expert Designation Deadline: **November 10, 2008**;

Discovery Deadline as to Experts Only: **December 10, 2008**; and

Dispositive Motions Deadline: **January 9, 2009**.

However, if Plaintiff fails to properly designate an expert witness on or before **October 10, 2008**, then Defendant may seek summary judgment thereafter.

### B. Plaintiff's First Motion

Plaintiff's First Motion contains both a motion to strike and a motion for summary judgment. The Court will address each motion in turn.

#### 1. Plaintiff's Motion to Strike

In Plaintiff's First Motion, Plaintiff moves to strike Defendant's Motion for Summary Judgment. Fed. R. Civ. P. 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In general, motions to strike are disfavored by courts because they potentially serve only to delay judicial proceedings. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998) (holding that motions to strike are generally disfavored).

To the extent that Plaintiff seeks to strike Defendant's Motion for Summary Judgment, Plaintiff's arguments are without merit and are unrelated to the nature and purpose of Rule 12(f). Plaintiff argues that Defendant's arguments are insufficient as a matter of law, "factually baseless," and not supported by affidavit. *Plaintiff's First Motion* [#62] at 2. In addition, Plaintiff argues that Defendant's counsel lacks personal knowledge

15

regarding his medical malpractice claim, and thereby will be unable to testify at trial. *Id.* Contrary to Plaintiff's misguided arguments, Defendant need only demonstrate the lack of evidence regarding an essential element of Plaintiff's medical malpractice claim to satisfy its burden to support a motion for summary judgment. Defendant is not required to submit affidavits, nor must Defendant's counsel have personal knowledge about Plaintiff's injury. Accordingly, Plaintiff's First Motion [#62] is **DENIED** to the extent that Plaintiff seeks to strike Defendant's Motion for Summary Judgment.

### 2. Plaintiff's Motion for Summary Judgment

In Plaintiff's First Motion, Plaintiff also seeks summary judgment in his favor. As a preliminary matter, to the extent that Plaintiff seeks summary judgment, Plaintiff's First Motion is untimely because it was filed one month after the expiration of the dispositive motions deadline. *See Plaintiff's First Motion* [#62]; *Scheduling Order* [#51]. Even though Plaintiff appeared by telephone for the Scheduling Conference and had knowledge of this deadline, there is no evidence in the record that Plaintiff sought an extension of the dispositive motions deadline or sought leave of court to file Plaintiff's First Motion out of time. Accordingly, I respectfully recommend that Plaintiff's First Motion [#62] be **DENIED as untimely** to the extent that it moves for summary judgment. *Merrill Scott & Assocs., Ltd. v. Concilium Ins. Servs.*, 253 Fed. Appx. 756, 758 (10th Cir. November 2, 2007) (unpublished decision) (affirming district court's decision to strike *pro se* litigant's motion for summary judgment as untimely); *Lewis v. Four B Corp.*, 347 F. Supp. 2d 1017, 1020, 1025 (D. Kan. 2004) (denying *pro se* plaintiff's cross-motion for summary judgment as untimely).

16

Even if Plaintiff timely moved for summary judgment, I would recommend denying Plaintiff's cross-motion for summary judgment on its merits. Fed. R. Civ. P. 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Because Plaintiff bears the ultimate burden of persuasion at trial, he must show the absence of a genuine issue of material fact by demonstrating each "element of [his] claim or defense by sufficient, competent evidence to set forth a *prima facie* case." *In re Ribozyme*, 209 F. Supp. 2d at 1111. As noted above, Plaintiff has provided no evidence to support the breach of duty of care and causation elements of his FTCA claim because he has not designated an expert witness. Plaintiff's lack of evidence necessarily leads to the conclusion that he has failed to demonstrate that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

### C. Plaintiff's Second Motion

In Plaintiff's Second Motion, Plaintiff again untimely moves for summary judgment in his favor. *Plaintiff's Second Motion* [#70]. Plaintiff's Second Motion was untimely filed five months after the expiration of the dispositive motions deadline. *See Scheduling Order* [#51]. As noted above, there is no evidence that Plaintiff requested an extension of the dispositive motions deadline or sought leave of court to file Plaintiff's Second Motion out of time. Accordingly, I respectfully recommend that Plaintiff's Second Motion [#70] be **DENIED as untimely**. *Merrill Scott*, 253 Fed. Appx. at 758; *Lewis*, 347 F. Supp. 2d at 1020, 1025.

17

Even if Plaintiff timely filed Plaintiff's Second Motion, I would recommend denying Plaintiff's second cross-motion for summary judgment on its merits for the reasons set forth above regarding Plaintiff's first cross-motion for summary-judgment.

## V. Conclusion

As set forth above, the Court **RECOMMENDS** the following:

(1) **Defendant's Motion for Summary Judgment** [#58] be **DENIED without prejudice**;

(2) The discovery deadlines be adjusted for the narrow purpose of designating experts out of time. The parties shall designate experts on or before **October 10, 2008** and rebuttal experts on or before **November 10, 2008**. In addition, the parties shall conclude expert discovery on or before **December 10, 2008** and file all dispositive motions with the Court on or before **January 9, 2009**. If Plaintiff fails to properly designate an expert witness on or before **October 10, 2008**, then Defendant may seek summary judgment thereafter.

(3) **Plaintiff's First Motion** [#62] be **DENIED** to the extent that Plaintiff seeks summary judgment in his favor; and

(4) **Plaintiff's Second Motion** [#70] be **DENIED**.

IT IS FURTHER **ORDERED** that **Plaintiff's First Motion** [#62] is **DENIED** to the extent that Plaintiff seeks to strike Defendant's Motion for Summary Judgment.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo*

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: July 24, 2008

BY THE COURT:

s/ Kristen L. Mix

U.S. Magistrate Judge

Kristen L. Mix