IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00311-EWN-KLM

CASEY LEE SISNEROS,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA,

    Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's letter to the Clerk of Court regarding **Filing of Subpoena in a Civil Case** [Docket No. 93; Filed September 29, 2008]. Although not titled as a motion, the Clerk docketed Plaintiff's pleading as a motion, and it was referred to this Court for ruling [hereinafter referred to as the "Motion"]. As a preliminary matter, the Court notes that Plaintiff requests that the Court authorize the issuance of subpoenas in the above-captioned case. Plaintiff specifically notes that "[t]ime is of the essence and your immediate response is required." However, Plaintiff's Motion and draft subpoenas are deficient in several ways. Accordingly,

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**. Pursuant to Fed. R. Civ. P. 45, only the court where a deposition is to be taken or where production of documents is to be made may issue a subpoena. Here, the draft subpoenas appear to be seeking to depose and obtain documents from certain individuals located in Texas. This Court has no authority to authorize subpoenas to be issued to those individuals for the purposes

stated in the draft subpoenas. Fed. R. Civ. P. 45(a)(2)(B) & (C). Further, to the extent that Plaintiff intends to depose certain individuals in California where he is presently incarcerated, a subpoena issued from this Court would likewise be improper. Finally, to the extent that Plaintiff seeks to subpoena certain individuals to attend a court hearing, no hearings have been set on the Court's docket in this case to justify such a request.

Moreover, to the extent that Plaintiff would like to issue subpoenas to individuals located in this district or for appearance at a deposition or court proceeding to be held in this district, he must make a showing that subpoenas are necessary by explaining to the Court: **(1)** whether he is seeking subpoenas to compel witnesses to provide testimony, documents, or both; **(2)** if he seeks testimony, whether for a hearing, deposition, or both, and if for deposition, what arrangements he has made with opposing counsel regarding the location, dates, and times for testimony to be taken and the method and cost of recording the testimony pursuant to Fed. R. Civ. P. 30(b); **(3)** if he seeks documents, what arrangements he has made with opposing counsel regarding the dates and times for documents to be delivered; and **(4)** how each individual to be subpoenaed is related to the controversy. *See, e.g.*, *Guy v. Maio*, 227 F.R.D. 498, 501 (E.D. Wis. 2005).

While Plaintiff is entitled to have the cost of subpoenas borne by the Court and to have subpoenas served by a United States Marshal pursuant to 28 U.S.C. § 1915(d), the Court has the ultimate discretion as to whether the subpoenas should be issued. Such a decision cannot be made on the pleadings submitted by Plaintiff. If Plaintiff intends to seek documents or testimony **from individuals located in this district**, his failure to provide the information set forth in items (1) through (4) above will be grounds for denial of the

motion. Further, as no hearings are presently scheduled in the above-captioned case, any request by Plaintiff to subpoena individuals to appear for a hearing is improper at this time.

Dated: September 29, 2008

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix