IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00311-CMA-KLM

CASEY LEE SISNEROS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant United States' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56** [Docket No. 104; Filed November 12, 2008] ("Motion for Summary Judgment"). Plaintiff filed a Response on December 10, 2008 [Docket No. 107], and Defendant filed a Reply on December 26, 2008 [Docket No. 110]. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1(C)(3), the Motion for Summary Judgment has been referred to this Court for recommendation. The Court has reviewed the parties' pleadings, the entire case file, and the applicable case law and is sufficiently advised in the premises.

For the reasons set forth below, the Court RECOMMENDS that the **Motion for Summary Judgment** [#104] be **GRANTED**.

## I. Factual Background[1]

The following facts appear to be undisputed. Plaintiff, a prisoner proceeding *pro se*, brings a medical malpractice action pursuant to the Federal Tort Claims Act ("FTCA"), §§ 2671-2680. *See Plaintiff's Second Amended Prisoner Complaint* [Docket No. 14; Filed May 1, 2006] ("Complaint").[2] In November 2003, while incarcerated at the Federal Correctional Institute in Florence, Colorado ("FCI - Florence"), Plaintiff injured his left ring finger during a game of flag football. *Id.* at 4; *Defendant United States [sic] Answer to Second Amended Prisoner Complaint* [Docket No. 57 at 2; Filed October 25, 2007] ("Answer"). Physician's Assistant Ron Camacho examined Plaintiff's finger and, without taking an x-ray, diagnosed a sprain. *Complaint* [# 14] at 4; *Answer* [#57] at 2.

In February 2004, Plaintiff reinjured his left ring finger while replacing water filters in the prison laundry at FCI - Big Springs, Texas. *Answer* [#57] at 2. During the medical examination of Plaintiff's injured finger, an x-ray was taken and it revealed that Plaintiff's finger was fractured and dislocated. *Complaint* [#14] at 4; *Answer* [#57] at 2. Based upon the x-ray examination, Plaintiff was referred to Dr. Robert Hayes, a contract orthopedic surgeon assigned to FCI - Big Springs. *Complaint* [#14] at 4-5; *Answer* [#57] at 2.[3]

On February 23, 2004, Dr. Hayes examined Plaintiff's injured finger and diagnosed destruction of the distal interphalangeal ("DIP") joint with the "distal phalanx subluxed

---

[1] The Court derives this statement of undisputed facts from its previous Recommendation on Defendant's first motion for summary judgment. *See Recommendation* [#90] at 2-3.

[2] Plaintiff voluntarily dismissed his second and third claims for relief [Docket Nos. 30 & 36]. *Recommendation* [#90] at 2 n.1.

[3] In his Complaint, Plaintiff identifies Dr. Hayes as "an [o]rthopedic doctor from the street, contracted with the Bureau of Prisons." *Complaint* [#14] at 5.

dorsally, partial, and a fracture with disruption of the joint." *Plaintiff's Certificate of Review* [#43], Ex. 2; *Answer* [#57] at 2. Dr. Hayes subsequently performed surgery to fuse Plaintiff's left ring finger DIP joint. *Complaint* [#14] at 5; *Answer* [#57] at 2.

It is also undisputed that Plaintiff has not designated any expert to testify on his behalf or submitted a supporting expert report to Defendant. *Motion for Summary Judgment* [#104] at 3; *Plaintiff's Motion for Extension to Secure Expert Testimony* [#106] at 1.

## II. Procedural Background

This is the second motion for summary judgment filed by Defendant. The first was denied without prejudice on September 5, 2008 [Docket No. 92]. Although I found that Plaintiff failed to provide evidence to support the breach of duty of care and causation elements of his FTCA claim, I recommended, and the District Judge agreed, that Plaintiff should be given an extension of time to secure expert testimony prior to the dismissal of his case [Docket No. 90]. However, Plaintiff was warned that his failure to designate an expert within the time allotted would lead to the summary resolution of his claim. *Order* [#92] at 2; *Recommendation* [#90] at 15, 18.

After the District Judge accepted my Recommendation, Plaintiff twice unsuccessfully sought to have the Court issue subpoenas for documents and testimony from individuals located outside the Court's jurisdiction, presumably for the purpose of designating expert witnesses [Docket Nos. 93 & 97]. These requests were denied pursuant to Fed. R. Civ. P. 45(a)(2) [Docket Nos. 95 & 99]. Plaintiff failed to properly designate any experts within the deadline. Rather, after expiration of the deadline, Plaintiff requested that the Court set a hearing to inform him of the procedures for designating experts [Docket No. 101]. The

Motion was denied as untimely and inappropriate [Docket No. 103]. Finally, more than two months after the expert designation deadline expired, Plaintiff requested an extension of time to designate his experts [Docket No. 106]. This request was filed after Defendant had renewed its Motion for Summary Judgment and Plaintiff had responded. I denied Plaintiff's untimely request for an extension and noted that "[t]he time for the final resolution of Plaintiff's case is now at hand." *Order* [#109] at 1.

### III. Standard of Review

The purpose of a summary judgment motion is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Fed. R. Civ. P. 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit pursuant to the governing substantive law. *Id.*

The movant must show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. After the movant has met its initial burden, the burden shifts to the nonmovant to put forth sufficient evidence for each

4

essential element of the claim such that a reasonable jury could find in its favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to the nonmovant. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### IV. Analysis

Defendant moves for summary judgment on the grounds that Plaintiff has failed to

put forth sufficient evidence to substantiate his medical malpractice claim.  *Motion for Summary Judgment* [#104] at 1.  As Defendant does not bear the ultimate burden of persuasion at trial, Defendant need only make a prima facie showing of the absence of a genuine issue of material fact by demonstrating the lack of evidence to support an essential element of Plaintiff's claim.  *Adler*, 144 F.3d at 670-71.

Plaintiff's medical malpractice claim is brought pursuant to the FTCA, 28 U.S.C. §§ 2671-2680.  Accordingly, Defendant's liability is defined "in accordance with the law of the place where the [allegedly negligent] act or omission occurred."  28 U.S.C. § 1346(b)(1); *see also Flynn v. United States*, 902 F.2d 1524, 1527 (10th Cir. 1990).  Because the allegedly negligent acts occurred in Colorado, at FCI - Florence, Colorado substantive law applies.  Here, pursuant to Colorado law, Plaintiff's medical malpractice claim contains four essential elements:  (1) Defendant owed Plaintiff a legal duty; (2) Defendant breached that duty when it failed to properly diagnose and treat the injury to Plaintiff's left ring finger at FCI - Florence; (3) Plaintiff suffered an injury and continues to experience pain; and (4) Defendant's breach of that duty is the proximate cause of Plaintiff's injury.  *See Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992).

Defendant reasserts the arguments made in its first motion for summary judgment, i.e., that Plaintiff failed to identify or designate a medical expert to provide an opinion regarding the relevant standard of care.  *Motion for Summary Judgment* [#104] at 5-7. Without expert testimony on the relevant standard of care, Defendant contends that there is no evidence that Defendant breached a legal duty owed to Plaintiff or that this breach was the proximate cause of Plaintiff's injury.  *Id.* at 6-7.

As was the case in my previous Recommendation on this issue, I agree.  *See*

*Recommendation* [#90] at 9-11. Because the subject matter of negligent conduct by a medical professional is not within the ambit of common knowledge and experience of ordinary people,[4] "the plaintiff must establish by expert testimony the controlling standard of care ordinarily possessed and exercised by members of the same schools of medicine practiced by the defendant, as well as defendant's failure to adhere to that standard." *Teiken v. Reynolds*, 904 P.2d 1387, 1389 (Colo. Ct. App. 1995); *see also* Colo. Rev. Stat. § 13-64-401. Without expert testimony regarding the relevant standard of care, the trier of fact has no means of comparison to determine whether a legal duty was breached or whether that breach was the proximate cause of a plaintiff's injury. *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990). The lack of evidence from a testifying medical expert regarding the relevant standard of care necessarily leads to the conclusion that Plaintiff lacks evidence to support two essential elements of his medical malpractice claim: breach of duty of care and causation. *See Greene v. Thomas*, 662 P.2d 491, 493 (Colo. Ct. App. 1982). Therefore, I find that Defendant has met its initial burden for summary judgment.

Because Defendant has met its burden, the burden shifts to Plaintiff to put forth sufficient evidence for each essential element of his medical malpractice claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms*, 165 F.3d at 1326. Pursuant to Fed. R. Civ. P. 56(e), Plaintiff can satisfy this burden by providing an affidavit from a medical expert who is qualified to form an opinion regarding the relevant

---

[4] Here, Plaintiff's claim centers on the care provided to him by a physician's assistant, rather than a physician. Regardless, expert testimony is required regarding the standard of care for physician's assistants. *See generally Goines v. Pugh*, 152 Fed. Appx. 750, 752 (10th Cir. Oct. 28, 2005) (unpublished decision); *Barnes v. United States*, 137 Fed. Appx. 184, 189-90 (10th Cir. June 29, 2005) (unpublished decision).

standard of care. In the event that such an affidavit is unavailable, Plaintiff can provide the Court with specific reasons as to why he cannot present facts that are essential to opposing Defendant's Motion for Summary Judgment. Fed. R. Civ. P. 56(f). Based upon reasons put forth by Plaintiff, the Court may exercise its discretion to deny Defendant's Motion for Summary Judgment, order a continuance to enable an affidavit to be obtained or discovery undertaken, or issue any other just order. *Id.* Here, Plaintiff has already been afforded the benefits of Rule 56(f) and provided an additional opportunity to secure expert testimony prior to the dismissal of his claim.

In this regard, Plaintiff was on notice that to the extent that he intended to have Dr. Hayes offer expert testimony regarding whether Defendant failed to adhere to the relevant standard of care, Plaintiff was required to designate Dr. Hayes as an expert witness, and disclose an expert report written by him pursuant to Fed. R. Civ. P. 26(a)(2)(B). *Recommendation* [#90] at 10 (citing *Washington v. Arapahoe County Dep't of Social Servs.*, 197 F.R.D. 439, 442 (D. Colo. 2000) (citing *Bucher v. Gainey Transp. Serv. of Ind., Inc.*, 167 F.R.D. 387, 390 (M.D. Pa. 1996))). By failing to properly designate Dr. Hayes as an expert witness, or any other expert for that matter, e.g., an expert who can speak to the standard of care for physician's assistants, Plaintiff continues to lack the evidence necessary to create a dispute as to whether Defendant breached its duty by failing to adhere to the relevant standard of care and whether this breach was the proximate cause of Plaintiff's injury. *See Teiken*, 904 P.2d at 1389. Accordingly, Defendant is entitled to a judgment in its favor as a matter of law. Fed. R. Civ. P. 56(c).

While Plaintiff did not attach supporting medical evidence to his Response, Plaintiff contends that the Motion for Summary Judgment should be denied because Defendant

8

failed to attach any of its own supporting affidavits. *Response* [#107] at 2. Plaintiff misunderstands Defendant's burden in relation to the Motion for Summary Judgment. Because Defendant does not bear the ultimate burden of proof at trial, it "may move at any time, *with or without supporting affidavits*, for summary judgment . . . . Fed. R. Civ. P. 56(b) (emphasis added). Plaintiff also contends that "[t]here still remains a controversy here . . . ." *Response* [#107] at 2. However, as noted, Plaintiff failed to refute Defendant's well-supported contention that there is an absence of evidence regarding two of the four elements Plaintiff must prove to present his case to a jury. Admittedly, dismissal of Plaintiff's case is a harsh result. Nevertheless, the nature of the claim that Plaintiff is attempting to pursue necessitates expert testimony. *See Teiken*, 904 P.2d at 1389. Without such evidence, Plaintiff cannot meet his burden at trial.

**V. Conclusion**

As set forth above, the Court **RECOMMENDS** that the **Motion for Summary Judgment** [#104] be **GRANTED**, and that Plaintiff's case be dismissed.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review

9

by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 30, 2009

                                        BY THE COURT:
                                        <u> s/ Kristen L. Mix       </u>
                                        U.S. Magistrate Judge
                                        Kristen L. Mix