**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 06-cv-00311-CMA-KLM

CASEY LEE SISNEROS,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

Summary judgment was entered against Plaintiff, a *pro se* prisoner, on March 18, 2009, in his medical malpractice suit against Defendant.  This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. # 114), in which Plaintiff asks the Court to "dismiss [the] case without prejudice under Rule 41."  (*Id.* at 1.)  Plaintiff argues that he was unable to respond to the Magistrate Judge's Recommendation, issued on January 30, 2009, because the law library at his facility was not accessible.  For the reasons below, Plaintiff's motion is DENIED.

### I.  ANALYSIS

The plaintiff is proceeding pro se; thus, the Court must liberally construe his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  The Court cannot act as advocate for a pro se litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *Hall*

1

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Plaintiff is seeking a voluntary dismissal, without prejudice, under Rule 41.  (Doc. # 114.) Other than Rule 41, Plaintiff cites no legal authority.  Proceeding under Rule 41 is problematic, however, as it presupposes that a judgment has not been entered.  *See* Fed.R.Civ.P. 41.  That is not the case here.  Judgment was entered on March 18, 2009. (Doc. # 113.)  Thus, if the Court were inclined to grant Plaintiff's motion, it would first have to vacate the judgment.  Because of this necessary step, the Court construes Plaintiff's motion as if it were made pursuant to Fed.R.Civ.P. 59(e) to alter or amend the judgment.

Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than [ten] days after entry of judgment." Fed.R.Civ.P. 59(e).  Plaintiff filed the instant motion on April 27, 2009, over a month after the entry of judgment.  Thus, Plaintiff's motion is untimely.  Moreover, "[a] district court may not grant a party additional time to file a proper Rule 59(e) motion." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1241 (10th Cir. 2006).  But that does not end the inquiry.

Heeding its obligations under *Haines v. Kerner*, the Court liberally construes Plaintiff's motion and thus turns to the governing case law for guidance in how to treat it. *See Hall*, 935 F.2d at 1110 (citing Haines, 404 U.S. at 520-21)).  "If a motion is served within ten days of the rendition of judgment, the motion ordinarily will be one to alter or amend final judgment, but if the motion is served after ten days it is considered to be a motion for relief from final judgment." *Allender*, 439 F.3d at 1242.  The Court, then, considers Plaintiff's motion as if it were made pursuant to Rule 60(b), which states that:

> On motion and just terms, the court may relieve a
> party or its legal representative from a final judgment,
> order, or proceeding for the following reasons:  (1)
> mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable
> diligence, could not have been discovered in time to
> move for a new trial . . . ; (3) fraud . . . ,
> misrepresentation, or misconduct by an opposing
> party; (4) the judgment is void; (5) the judgment has
> been satisfied, released or discharged . . . ; or (6) any
> other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Having now identified the rule under which Plaintiff seeks relief, the Court notes

that relief under Rule 60(b) is "extraordinary and may only be granted in exceptional

circumstances."  *Davis v. Kansas Dept. of Corrections*, 507 F.3d 1246, 1248 (10th Cir.

2007)(citing *Amoco Oil Co. v. United States Env't. Prot. Agency*, 231 F.3d 694, 697

(10th Cir. 2000)).  "A litigant demonstrates exceptional circumstances by satisfying at

least one of Rule 60(b)'s six grounds for relief."  *Allender*, 439 F.3d at 1242.  The burden

is a high one, however, "because such a motion is not a substitute for an appeal."

*Davis*, 507 F.3d at 1248 (citation omitted).  Plaintiff has not explicitly asserted any of the

grounds listed under the first five entries of Rule 60(b) and, moreover, "Rule 60(b)(6)

relief . . . is appropriate only when it offends justice to deny such relief."  *Id.* (citation

omitted).

Plaintiff's lone argument is that "the case should not have been dismissed"

because his failure to timely respond to the Magistrate Judge's Recommendation

occurred through no fault of his own; rather, he could not respond because the "[he] did

not have access to [his] paper work or the law library."  (Doc. # 114.)  It seems he is

claiming "excusable neglect", one of the reasons listed under Fed.R.Civ.P. 60(b)(1).

3

Plaintiff suggests that, if only he had had access to his papers and the library and, thus, been able to timely respond to the Magistrate Judge's Recommendation, the judgment would have come out differently.  That is not the case.  Summary judgment was entered against Plaintiff not because he failed to respond to the Magistrate Judge's Recommendation, but rather because two elements in Plaintiff's claim presented no genuine issues of material fact.  (Doc. # 111 at 7-8.)  Specifically, Plaintiff has failed, after a lengthy extension of time, to provide evidence from a medical expert going toward the relevant standard of care.  *Id.* at 7.  Thus, unless the law library somehow contains the necessary evidence to support Plaintiff's claims, his lack of access to it, though perhaps unfortunate, is not relevant to the entry of summary judgment.

Moreover, the memorandum attached to Plaintiff's motion undermines any prospect of "excusable neglect."   (Doc. # 114 at 2.)  In it, the Unit Manager, D. Bowles, acknowledges that the law library in the Special Housing Unit was "down for several days" but also states that it was operational during the majority of the time Plaintiff was housed there.  Thus, it appears Plaintiff did have some access to the library while in the Special Housing Unit.  Even so, that fact may be irrelevant.  The Magistrate Judge's Recommendation was issued on January 30, 2009.  Plaintiff was not moved to the Special Housing Unit until February 11, 2009.  (*Id.*)  The memorandum indicates the library was down some time after that.  Thus, Plaintiff's claim that "the Law Library was down during the time I was given to respond", i.e., the ten days following January 30, seems less than genuine.  In sum, Plaintiff has failed to show "exceptional circumstances" justifying the extraordinary remedy of vacating the judgment against him.

4

## II.  CONCLUSION

Based on the foregoing, the Court ORDERS:

1.      That Plaintiff's Motion for Reconsideration (Doc. # 114) is DENIED.

DATED:  May   1  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge